IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.                                                         CRIMINAL 03-270 (JAG)

KAMILO CORDERO-BATISTA,

Defendant

ORDER ON MOTION IN LIMINE

This matter is before the court on co-defendant Kamilo Cordero-Batista's motion in limine filed yesterday seeking an evidentiary hearing before trial which begins tomorrow. (Docket No. 162.) In it, co-defendant seeks to exclude certain items of evidence which the government has announced may be presented at trial to wit: (1) the handwritten incident reports/statements of co-defendant and co-defendants Richard Ramos Rijo and Víctor Castrillón for lack of authentication; (2) co-defendant's "Prisoner Remand Form" and "Personal History Report" on relevance grounds and under Federal Rule of Evidence 403; and (3) the statements provided on November 10, 2003 and all grand jury testimony derived therefrom under Federal Rule of Evidence 410. The motion in limine is denied. The items to which the defendant makes reference are not clearly inadmissible under all circumstances, except perhaps for the Prison Remand Form and the Personal History Form, Items 15 and 17 of the designation of evidence. The evidentiary objections raised by co-defendant should be addressed at trial if the government attempts to introduce into evidence the objected to materials in its case-in-chief. The handwritten incident

CRIMINAL 03-270 (JAG)                    2

reports/statements clearly require foundation witnesses since they are not self-authenticated. Depending on which statements are used and for what purpose, curative instructions may be necessary. The statements provided to the government under the give-and-take of plea negotiations are clearly inadmissible under Rule 410, Federal Rules of Evidence. See United States v. Aponte-Suárez, 905 F. 2d 483, 493-94 (1st Cir. 1990); United States v. Pérez-Franco, 873 F.2d 455, 460-61 (1st Cir. 1989), in the government's case-in-chief, but not on cross-examination of the defendant in the event he testifies and is thus impeached.

    In view of the above, the motion in limine is DENIED.

    At San Juan, Puerto Rico, this 23rd day of June, 2005.

                                        S/ JUSTO ARENAS
                              Chief United States Magistrate Judge